WADLEIGH v. SHAW ET AL.

1. **Contract:** CONSTRUCTION OF. Where a party undertook to cut all the timber upon a certain piece of land, but subsequently and in the same contract it was stipulated that he should not be required to cut any which would cost more than fifty per cent above the ordinary price of cutting, *held*, that the contract did not contemplate the cutting of all the wood unless the average cost should be above the maximum fixed in the contract, but that he was not bound to cut any particular cord of the wood which would exceed the price fixed.

*Appeal from Des Moines Circuit Court.*

THURSDAY, APRIL 5.

THIS is an action in equity to enforce the specific performance of an agreement to convey real estate. The cause was referred to Hon. P. Henry Smyth, who reported the facts and his conclusions of law. The defendants filed exceptions to the report, which were overruled, and a decree was entered for plaintiff. The defendants appeal.

*Hall & Baldwin,* for appellants.

*Blake & Hammack,* for appellee.

DAY, CH. J.—The abstract contains none of the evidence upon which the referee acted. The only question which the record presents for our consideration is one respecting the construction of the contract. The agreement expresses a consideration of $700, which, it is admitted, the plaintiff has paid. The portion of the contract respecting which the dispute arises is as follows: "And in consideration of the foregoing obligation, the said Samuel Wadleigh hereby agrees and covenants that he will proceed and cut all the timber now standing upon the said tract of land that can be cut into cord-wood and saw-logs; and shall fairly measure, estimate and account for said timber so cut, and shall furnish said Harrison H. Shaw a statement showing the name of each chopper who may chop wood upon said

<span style="font-variant: small-caps;">1. CONTRACT: construction of.</span>

land, and of each teamster who hauls away cord-wood or logs off said land, with the number of cords and logs which each chopper and teamster may so chop and haul. In making said estimate and accounting, said saw or mill-logs shall be estimated at the rate of one and one-half cords of wood for each 1,000 feet of logs, to be measured by scalement. But this agreement shall not bind the said Wadleigh to cut and estimate any timber standing upon said land the cutting of which will cost more than fifty per cent above the customary rates of cutting and chopping. And if the amount of timber so cut and measured and accounted for as aforesaid shall amount to one thousand cords, then the said Samuel Wadleigh agrees and promises to pay the said H. H. Shaw, in addition to the said $700, the further sum of $300, and for each and every cord of wood there shall be over and above said 1,000 cords of wood the sum of seventy-five cents. But if said wood so cut and measured fall short and does not amount to said 1,000 cords, then said Wadleigh shall pay no further sum, and the $700 already paid shall be in full consideration for said deed, the whole of said agreement and covenant on the part of each party to be performed on or before the first day of March, A. D. 1871."

The plaintiff claims that he fully performed this agreement according to its terms; that the amount of timber cut from said land did not aggregate 1,000 cords, by reason of which the $700 paid is the full consideration of the land. The defendants claim that the actual amount of timber upon said land, at the date of making the contract, for which plaintiff was to pay, was 1,600 cords; and they ask judgment against plaintiff for the sum of $750 in addition to the $700 already paid.

The referee found that plaintiff had cut and accounted for about eight hundred cords of wood; that the customary rate of chopping was not above one dollar a cord; that the timber remaining uncut upon the land cannot be procured to be cut at one dollar and fifty cents, or under, per cord; and that, therefore, by the agreement, plaintiff is not bound to have any more timber cut, nor to account further to the defendants.

The defendants contend that the true construction of the contract requires the plaintiff to take all the timber together, including the rough and difficult to work; and that, if the whole, when thus taken, could be cut at an average of fifty per cent over the usual rates, or for one dollar and fifty cents per cord, it was plaintiff's duty to cut and account for *all* the timber. This construction is reached by emphasizing that portion of the contract in which plaintiff agreed to cut all the timber now standing upon said tract that can be cut into cord-wood and saw-logs. But it ignores, or at least fails to give proper effect to, the subsequent and qualifying portion of the agreement, which provides that it shall not bind plaintiff to cut and estimate any timber standing upon said land the cutting of which will cost more than fifty per cent above the customary rates of chopping. The defendants insist that there yet remains uncut upon said land timber enough to make about eight hundred cords of wood. The referee finds that no cord of this can be cut for one dollar and fifty cents, or fifty per cent more than the customary price. Yet the construction for which defendants insist would require plaintiff to cut every cord of this, if the average cost of the whole should not exceed one dollar and fifty cents per cord, and would exonerate him from cutting any timber at all, and thus defeat the whole purpose of the agreement, if the average cost of the whole should be greater than one dollar and fifty cents per cord. We are satisfied that the referee adopted the correct construction of the contract.

AFFIRMED.